# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# CINCINNATI DIVISION

| | |
|---|---|
| **JERRY E. McCLURE, Individually and For Others Similarly Situated,**<br>　　　　　　Plaintiff,<br><br>v.<br><br>**HUKARIASCENDENT, INC.,**<br>　　　　　　Defendant. | Case No. _____<br><br>**JURY TRIAL DEMANDED**<br><br>**COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)**<br>**CLASS ACTION/FED. R. CIV. P. 23** |

## ORIGINAL COMPLAINT

### SUMMARY

1.  Plaintiff Jerry E. McClure ("McClure") brings this lawsuit to recover unpaid overtime wages and other damages from HukariAscendent, Inc. ("HukariAscendent") under the Fair Labor Standards Act ("FLSA"), the Ohio Minimum Fair Wage Standards Act, O.R.C. §§4111.01, 4111.03 and 4111.10., ("the Ohio Wage Act"), the Ohio Prompt Pay Act ("OPPA") Rev. Code §4113.15 (the Ohio Wage Act and the OPPA will be referred to collectively as "the Ohio Acts").

2.  McClure and other similarly situated employees were paid the same hourly rate for all hours worked, including those in excess of 40 hours in a workweek.

3.  This class and collective action seeks to recover the unpaid overtime wages and other damages owed to these workers.

### JURISDICTION AND VENUE

4.  This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a significant portion of the facts giving rise to this lawsuit occurred in this District. McClure worked for HukariAscendent in this District in Scioto County.

## THE PARTIES

6. McClure was employed by HukariAscendent and regularly worked in excess of 40 hours a week without receiving overtime pay. His written consent is attached as **Exhibit A**.

7. McClure represents the class of similarly situated co-workers.

8. McClure brings this action on behalf of himself and all other similarly situated hourly employees the collective action provisions of the FLSA and the Ohio Wage Acts. *See* 29 U.S.C. §216(b). The FLSA Class was subjected to the same FLSA violations as McClure and is properly defined as:

> **ALL HOURLY EMPLOYEES OF HUKARIASCENDENT, INC. EMPLOYED DURING THE PAST THREE YEARS WHO WERE PAID THE SAME HOURLY RATE FOR ALL HOURS WORKED OR "STRAIGHT TIME FOR OVERTIME."**
> (the "Putative Class Members").

9. The members of the FLSA Class are easily ascertainable from HukariAscendent's business and personnel records.

10. McClure also seeks class certification of such a class under FED. R. CIV. P. 23, under the Ohio Wage Acts.

11. HukariAscendent is a corporation and may be served with process by serving its registered agent CT Corporation System, 4400 Easton Commons Way, Suite 125, Columbus, Ohio 43219.

## COVERAGE UNDER THE FLSA

12. At all times hereinafter mentioned, HukariAscendent was and is an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

13. At all times hereinafter mentioned, HukariAscendent was and is an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

14. At all times hereinafter mentioned, HukariAscendent was and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

15. At all times hereinafter mentioned, McClure and the Class Members (as defined below) were engaged in commerce or in the production of goods for commerce per 29 U.S.C. §§ 206-207.

**THE FACTS**

16. HukariAscendent is a technical consulting and engineering company specializing in engineering and technical services associated with the nuclear industry and power generation facilities.[1]

17. McClure was an hourly employee of HukariAscendent.

18. McClure was hired around November 2016.

19. McClure left HukariAscendent's employment near the end of February 2017.

20. HukariAscendent paid McClure by the hour.

21. HukariAscendent paid McClure $70 per hour.

22. McClure reported the hours he worked to HukariAscendent on a regular basis.

23. If McClure worked fewer than 40 hours in a week, would be paid only for the hours he worked.

---

[1] www.hukari.com/about-us/

24. But McClure normally worked more than 40 hours in a week.

25. The hours McClure worked are reflected in HukariAscendent's records.

26. HukariAscendent paid McClure at the same hourly rate for all hours worked, including those in excess of 40 in a workweek.

27. Rather than receiving time and half as required by the FLSA, McClure did not receive any pay for overtime hours worked.

28. This payment scheme violates the FLSA.

29. HukariAscendent was aware of the overtime requirements of the FLSA.

30. HukariAscendent nonetheless failed to pay certain hourly employees, such as McClure, overtime.

31. HukariAscendent's failure to pay overtime to these hourly workers was, and is, a willful violation of the FLSA.

## FLSA VIOLATIONS

32. By failing to pay McClure and those similarly situated to him overtime at one-and-one-half times their regular rates, HukariAscendent violated the FLSA's overtime provisions.

33. HukariAscendent owes McClure and those similarly situated to him the difference between the rate actually paid and the proper overtime rate.

34. Because HukariAscendent knew, or showed reckless disregard for whether, its pay practices violated the FLSA, HukariAscendent owes these wages for at least the past three years.

35. HukariAscendent is liable to McClure and those similarly situated to him for an amount equal to all unpaid overtime wages as liquidated damages.

36. McClure and those similarly situated to him are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

**OHIO WAGE ACT VIOLATIONS**

37. McClure brings this claim under the Ohio Wage Act as a Rule 23 class action.

38. The conduct alleged violates the Ohio Wage Act (O.R.C. §§4111.01. 4111.03 and 4111.10).

39. At all relevant times, HukariAscendent was subjected to the requirements of the Ohio Wage Act.

40. At all relevant times, HukariAscendent employed McClure and each Class Member with Ohio state law claims as an "employee" within the meaning of the Ohio Wage Act.

41. The Ohio Wage Act requires employers like HukariAscendent to pay employees at one and one-half (1.5) times the regular rate of pay for hours worked in excess of forty (40) hours in any one week. McClure and each member of the Ohio Wage Act Class are entitled to overtime pay under the Ohio Wage Acts.

42. HukariAscendent had a policy and practice of failing to pay these workers overtime for hours worked in excess of 40 hours per workweek.

43. McClure and each member of the Ohio Wage Act Class seek unpaid overtime in amount equal to 1.5 times the regular rate of pay for work performed in excess of 40 hours in a workweek, prejudgment interest, all available penalty wages, and such other legal and equitable relief as the Court deems just and proper.

44. McClure and each member of the Ohio Wage Act Class also seek recovery of attorneys' fees, costs, and expenses of this action, to be paid by HukariAscendent, as provided by the Ohio Wage Act Class Action Allegations

45. McClure incorporates all previous paragraphs and alleges that the illegal pay practices HukariAscendent imposed on McClure were likewise imposed on the Putative Class Members.

46. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA and the Ohio Wage Acts.

47. Numerous other individuals who worked with McClure indicated they were paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by state and federal wage laws.

48. Based on his experiences and tenure with HukariAscendent, McClure is aware that HukariAscendent's illegal practices were imposed on the Putative Class Members.

49. The Putative Class Members were all not afforded the overtime compensation when they worked in excess of forty (40) hours per week.

50. HukariAscendent's failure to pay wages and overtime compensation at the rates required by state and/or federal law result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Putative Class Members.

51. McClure's experiences are therefore typical of the experiences of the Putative Class Members.

52. The specific job titles or precise job locations of the Putative Class Members do not prevent class or collective treatment.

53. McClure has no interests contrary to, or in conflict with, the Putative Class Members. Like each Putative Class Member, McClure has an interest in obtaining the unpaid overtime wages owed to him under state and/or federal law.

54. A class and collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

55. Absent this action, many Putative Class Members likely will not obtain redress of their injuries and HukariAscendent will reap the unjust benefits of violating the FLSA and applicable state labor laws.

56. Furthermore, even if some of the Putative Class Members could afford individual litigation against HukariAscendent, it would be unduly burdensome to the judicial system.

57. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

58. The questions of law and fact common to the Putative Class Members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

   a. Whether the Putative Class Members' FLSA rights were violated as a result of HukariAscendent's straight time for overtime policy.;

   b. Whether HukariAscendent's straight time for overtime pay practice was made in good faith;

   c. Whether HukariAscendent's decision to not pay time and a half for overtime to the Putative Class Members was made in good faith;

   d. Whether HukariAscendent's violation of the FLSA and the Ohio Wage Acts was willful; and

   e. Whether HukariAscendent's illegal pay practices were applied uniformly across the nation to all Putative Class Members.

59. McClure's claims are typical of the claims of the Putative Class Members. McClure and the Putative Class Members sustained damages arising out of HukariAscendent's illegal and uniform employment policy.

60. McClure knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective or class action.

61. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective and class action treatment.

**PRAYER**

62. WHEREFORE, McClure prays for judgment against HukariAscendent as follows:

    a. An Order designating this lawsuit as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

    b. For an Order pursuant to Section 16(b) of the FLSA finding HukariAscendent liable for unpaid back wages due to McClure and the Putative Class Members for liquidated damages equal in amount to their unpaid compensation;

    c. For an Order designating the state law classes as class actions pursuant to Fed. R. Civ. P. 23;

    d. For an Order appointing McClure and his counsel as Class Counsel to represent the interests of both the federal and state law classes;

    e. For an Order awarding attorneys' fees, costs and pre- and post-judgment interest; and

    f. For an Order granting such other and further relief as may be necessary and appropriate.

Dated: December 11, 2018

>                    Respectfully submitted,
>
>                    By: /s/ Michael A. Josephson
>                        Michael A. Josephson
>                        State Bar No. 24014780
>                        mjosephson@mybackwages.com
>                        Andrew W. Dunlap
>                        State Bar No. 24078444

adunlap@mybackwages.com
William R. Liles
State Bar No. 24083395
wliles@mybackwages.com
**JOSEPHSON DUNLAP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile

**AND**

Robert E. DeRose
OH Bar No. 0055214
Jessica R. Doogan
OH Bar No. 0092105
**BARKAN MEIZLISH DEROSE
WENTZ MCINERNEY PEIFER, LLP**
250 E. Broad Street, 10th Floor
Columbus, OH 43215
614-221-4221 – Telephone
614-744-2300 – Facsimile
bderose@barkanmeizlish.com
jdoogan@barkanmeizlish.com

**AND**

Richard J. (Rex) Burch
Texas Bar No. 24001807
**BRUCKNER BURCH, P.L.L.C.**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**