UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JERRY E. MCCLURE,                      Case No. 1:18-cv-873

    Plaintiff,                              Dlott, J.
                                        Bowman, M.J.
    v.

HUKARIASCENDENT, INC.,

    Defendant.

## REPORT AND RECOMMENDATION

This civil action is now before the Court on Defendant's motion to compel arbitration and stay proceedings pending arbitration (Doc. 12) and the parties' responsive memoranda. (Docs. 13, 15).

Plaintiff Jerry E. McClure ("McClure"), who resides in Florida, was employed by Defendant HukariAscendent Services, LLC ("Hukari"), a technical and professional services company, for four months approximately two years ago, from November 28, 2016 to February 22, 2017. (Complaint, Doc. 1, PageID 3 at ¶¶ 16, 18, 19; Lawless Decl., Doc. 11, PageID 35 at ¶¶ 4, 7, 8). Prior to starting work at a temporary assignment in Portsmouth, Ohio as a Design Engineer II, McClure signed an Employment Agreement ("Agreement") setting forth the terms and conditions of his employment. (Doc. 11, Lawless Decl. PageID 38-42). Included in that Agreement was a provision requiring that all disputes relating to his employment by Hukari be resolved in binding arbitration. *Id.*

Despite agreeing that he would arbitrate any dispute relating to his employment with Hukari, on December 11, 2018, McClure instituted this action claiming that Hukari

1

paid him only straight time, rather than time-and-a-half, for hours worked by him over forty in a week. (Complaint, Doc. 1, PageID 1-9). McClure seeks to bring a collective action pursuant to and for violations of the Fair Labor Standards Act, 29 U.S.C. § 216(b), ("FLSA"), and to bring a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure for violations of the Ohio Minimum Fair Wage Standards Act, O.R.C. §§ 4111.01, et seq., and the Ohio Prompt Pay Act, § 4113.15.

Hukari now seeks to enforce the terms of the arbitration clause agreed to by the parties, and moves under the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.*, for an order compelling arbitration of McClure's claims and dismissing this action.

Plaintiff does not oppose arbitration of his claims, but requests the Court deny Hukari Motion to Dismiss, and instead stay the case and order the parties to proceed with arbitration as agreed. A stay is not necessary and dismissal is appropriate when all of the issues raised in the district court must be submitted to arbitration. *Green v. Ameritech Corp.*, 200 F.3d 967, 973 (6th Cir. 2000). At this time, Plaintiff contends it is unclear if all the issues raised by Plaintiff are subject to the decision of an arbitrator. Specifically, Plaintiff brings this claim as a collective and class action under the FLSA and Rule 23. The arbitration provision requires Plaintiff to submit any dispute or claim arising out of or relating to his employment to arbitration, but it does not address the claims he brings on behalf of the class, nor does it contain a class waiver. (*See* Doc. 12).

As such, Plaintiff contends it is unclear if all members of the classes will be required to submit their claims to arbitration, and what role, if any, an arbitrator may have on class certification, notice and settlement procedures. *See Catamaran Corp. v.*

*Towncrest Pharmacy*, 864 F.3d 966, 971 (8th Cir. 2017) ("recent cases have strongly hinted at the Supreme Court's ultimate conclusion: the question of class arbitration is substantive in nature and requires judicial determination"). Because the arbitration provision does not address these facets, Plaintiff claims that prudence supports a stay rather than dismissal.

In response to Plaintiff's arguments, Defendant asserts that *Genesis HealthCare Corp. v. Symczyk*, 569 U.S. 66 (2012) requires dismissal.[1] Although the claims in Genesis HealthCare were mooted by a Rule 68 offer of judgment, subsequent cases have applied Genesis HealthCare's holding when the named plaintiff's claims were ordered to arbitration. *See White v. Turner*, No. H-15-1485, 2016 1090107, at *4 (S.D. Tex. 55 2 Mar. 21, 2016) ("The claims that both [plaintiffs] have asserted or might assert against [defendant] cannot proceed because they are subject to binding arbitration agreements. There is no representative plaintiff, or even an opt-in or consented-to-join plaintiff, who has any claims against [defendant]. As such, Defendant contends that *Genesis HealthCare* requires this court to dismiss the prospective claims against [defendant] as moot."); *Cooper v. Terminix Int'l Co.*, No. 4:17-CV-367, 2018 WL

---

[1] In *Genesis Healthcare*, the plaintiff asserted FLSA claims on behalf of herself and other similarly situated individuals. Id. at 1527. Before the plaintiff moved for conditional certification, the defendant employer made an offer of judgment under Rule 68 of the Federal Rules of Civil Procedure. The offer gave the representative plaintiff—the only plaintiff—complete relief, including reasonable fees and costs. When the plaintiff did not respond, the employer moved to dismiss for lack of subject matter jurisdiction, arguing that plaintiff no longer had a personal stake in the outcome. The district court agreed and dismissed the action for lack of jurisdiction. The Third Circuit reversed, and the Supreme Court granted certiorari to resolve whether and when an FLSA collective action is no longer justiciable because the representative plaintiff's individual claim has become moot. Id. The Court rejected the plaintiff's argument that even after her claims were dismissed, subject matter jurisdiction remained because she retained a personal interest in the collective action and could move to have it certified. Id. at 1527-29. The Supreme Court held that conditional certification under the FLSA, unlike class action certification under Rule 23, "does not produce a class with an independent legal status, or join additional parties to the action. As a result, when the district court dismissed the claims of the representative plaintiff of the collective action, the plaintiff no longer had a personal stake in the action, making it moot and requiring its dismissal. Id. at 1529.

1998973, at *6 (S.D. Tex. April 11, 2018); *Beery v. Quest Diagnostics, Inc.*, No. 12-CV-00231 KM MCA, 2013 WL 3441792, at *3 (D.N.J. July 8, 2013).[2]

The Court has discretion to stay or dismiss the instant matter. *See* 9 U.S.C. § 3 (mandating courts to stay proceedings pending completion of arbitration); *Hensel v. Cargill, Inc.,* No. 99–3199, 1999 WL 993775, at *4 (6th Cir. Oct.19, 1999) (permitting courts to dismiss actions in which all claims are referred to arbitration). However, under the guidance of *Genesis Healthcare* the Court finds that dismissal is appropriate.

For the reasons explained herein, **IT IS RECOMMENDED THAT** Defendant's motion to compel arbitration and dismiss (Doc. 12) should be **GRANTED** and this matter **TERMINATED** on the active docket of this Court.

        *s/Stephanie K. Bowman*
        Stephanie K. Bowman
        United States Magistrate Judge

---

[2] Notably, while instructive, these district court cases are outside of the Sixth Circuit and are not binding on this court.

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

JERRY E. MCCLURE,                      Case No. 1:18-cv-873

    Plaintiff,                             Dlott, J.
                                          Bowman, M.J.

    v.

HUKARIASCENDENT, INC.,

    Defendant.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).